IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : CHAPTER 13 |
| | : |
| KIYA CARMICHAEL | : |
| DEBTOR(S) | : BANKRUPTCY NO. 10-10943   SR |
| | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, | : |
| AS TRUSTEE OF AMERIQUEST MORTGAGE | : |
| SECURITIES, INC., ASSET BACKED PASS | : |
| THROUGH CERTIFICATES, SERIES 2005-R5 | : |
| UNDER THE POOLING AND SERVICING | : |
| AGREEMENT DATE AS OF JUNE 1, 2005, | : |
| WITHOUT RECOURSE | : |
| PLAINTIFF(S) | : |
| VS. | : |
| | : |
| DAMION CARMICHAEL AND | : |
| KIYA CARMICHAEL | : |
| DEFENDANT(S) | : ADVS. NO. 10-193 |

# OPINION

BY: STEPHEN RASLAVICH, CHIEF UNITED STATES BANKRUPTCY JUDGE.

*Introduction*

Before the Court is the Defendants' Motion for Reconsideration of this Court's

Opinion and Order granting of Summary Judgment in favor of Deutsche Bank.  *See*

*Deutsche Bank, Trustee v. Carmichael (In re Carmichael)*, Adv. No. 10-193, 2011

Bankr. LEXIS 417 (Bankr.E.D.Pa. February 1, 2011) (granting Deutsche's Motion for

Summary Judgment).  Deutsche Bank opposes that request.

*Standard for Reconsideration*

Reconsideration is made applicable to bankruptcy cases by Bankruptcy Rule

9023: "Except as provided in this rule and Rule 3008, Rule 59 F.R.Civ.P. applies in

cases under the Code."[1] A motion to alter or amend a judgment must be based on at

least one of the following three (3) grounds: (1) an intervening change in controlling law;

(2) new evidence not previously available; or (3) the need to correct a clear error of law

or fact or prevent manifest injustice.  *See North River Ins. Co. v. CIGNA Reinsurance*

*Co.,* 52 F.3d 1194, 1218 (3d Cir.1995); *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d

Cir.1985); *Allen v. J.K. Harris & Co.,* 2005 WL 2902497, at *1 (E.D.Pa. Nov.2, 2005).

It "is not to be used as a means to reargue matters already argued and disposed of or

as an attempt to relitigate a point of disagreement between the Court and the litigant."

*Hill v. Tammac Corp.,* 2006 WL 529044, at *2 (M.D.Pa. Mar.3, 2006) (quoting *Ogden v.*

*Keystone Residence,* 226 F.Supp.2d 588, 606 (M.D.Pa.2002)).

*Basis for Reconsideration*

The Defendants' reconsideration request is based on two arguments.  The first is

that they were prejudiced by the Court's ruling.  The second argument is that the

Court's ruling constitutes reversible error.

*Injustice*

In their Motion and at oral argument, Defendants suggest that they suffered

prejudice.  They explain that Deutsche did not raise the holder in due course defense

until September of last year.  This occurred after the foreclosure case was removed to

the Bankruptcy Court and briefs were submitted on the pending summary judgment

request.  They add that Deutsche was allowed to submit an affidavit in support of its

---

[1]Rule 59(e) provides for a "motion to alter or amend a judgment."

summary judgment request without authorization.  Motion, ¶ 10; Transcript of Hearing,

5/5/2011 (T-) 10,11  They explain that they had no opportunity to respond to that

affidavit.  T-11.  The Court's ruling, they conclude, was based on arguments and

evidence which Defendants were not given an opportunity to challenge.

That is not what the Court finds from its review of the record.  The Defendants

raised fraud in the inducement in their New Matter in the state court proceeding.

Deutsche filed a Reply to that New Matter.  In that Reply, Deutsche explained that it is a

separate entity from the prior holder who is alleged to have defrauded Defendants.  As

such, the Reply goes on, Deutsche is not liable for any alleged wrongdoing of the prior

holder.  *See* Reply, ¶ 70.  Implicit in that answer is a claim of innocence which is the

required *mens rea* for a holder in due course.  The Defendants have even confirmed

that this occurred: in their reconsideration request, they alleged that "[l]ike its Reply to

New Matter, the Plaintiff's Motion [for Summary Judgment] essentially claimed

ignorance and innocence of the fraud committed by [the prior holder.]"  Motion for

Reconsideration, ¶ 5.  This is a tacit admission on Defendants' part that Deutsche

raised the holder in due course defense in state court.  Based on that, it is hard for the

Court to accept at face value the claim that the holder in due course defense comes as

a surprise to the Defendants.

So, too, is the contention that Defendants were prejudiced by Deutsche's

affidavit.  That affidavit was filed in October 2010.  If Defendants believed that the

affidavit was improper, then it was incumbent upon them to object at that time, and not

four months later after the Court had issued its summary judgment ruling.  As it turned

out, they did not act*.  See U.S. v. Dupree,* 617 F.3d 724, 732 (3d Cir. 2010) (explaining

3

that motions for reconsideration are not for addressing arguments that a party should

have raised earlier.)  This argument likewise fails to make a case for injustice.

*Error*

The Defendants also maintain that the Court erred when it granted summary

judgment in Deutsche's favor.  The error which it identifies is the Court's finding that

Deutsche is a holder in due course.  That finding, they explain, was erroneous because

the holder in due course doctrine cannot apply to a holder of a mortgage.  *See*

Defendant's Motion, ¶¶ 14-18.

Deutsche charges the Defendant with misstating the Court's ruling: the Opinion

never found that the mortgage is a negotiable instrument.  Rather, it explains, the Court

found that Deutsche had attained the holder in due course status by assuming a

promissory note under the requisite circumstances.  The fact that the note was secured

by a mortgage did not change that.  It is Deutsche's contention that this position in

accord with "the great of weight of authority." Deutsche's Brief, 5 citing *Carnegie Bank*

*v. Shalleck*, 256 N.J. Super 23, 45, 606 A.2d 389, 400 (N.J.Super 1991).

The Defendants dispute that position in two ways.  First, they maintain that the

*Carnegie* decision is from another jurisdiction and is thus not controlling.  The

Defendants are correct and for that reason the case is useful only to the extent that it is

persuasive.  Second, the *Carnegie* decision cites a treatise for the proposition that its

ruling is consistent with the "great weight of authority." Defendants, however, say that

they are unable to locate the cited treatise and so doubt its veracity.  T-4  This is where

the Court parts ways with the Defendants and concurs with Deutsche.  The Court was

able to confirm the existence of the treatise cited in *Carnegie* and the pertinent part is

quoted:

> When a mortgage secures a negotiable instrument, the
> *great weight of authority* in other jurisdictions is that a
> transfer of the negotiable instrument to a holder in due
> course to whom the mortgage is also assigned will enable
> the assignee to enforce the mortgage (as well as the
> negotiable instrument) according to its terms, free and clear
> of any personal defenses the mortgagor may have against
> the assignor.  This results from the view that the mortgage is
> a mere "incident" or "accessory" to the debt and that when
> the debt is embodied in a negotiable instrument the quality
> of negotiability is necessarily imparted to the accompanying
> mortgage."

29 N.J. Prac, *Law of Mortgages*, § 11.5 (2d ed.) (emphasis added).

The leading case which espouses this view remains *Carpenter v. Longan*, 83

U.S. 271, 21 L.Ed. 313 (1872).  There, the Supreme Court set forth the general rule

that the benefits attendant to negotiable instruments and holders in due course thereof

apply not only to the note but also to the mortgage which secures that note.  *Id.*, 83

S.Ct. at 273-274.  If the assignee of the note and mortgage qualifies as a holder in due

course, then the assignee may foreclose free of personal defenses between the

borrower and the assignor.  *See Goetz v. Selsor*, 628 S.W.2d 404, 405 (Mo. App. S.D.

1982) (explaining that deed of trust securing a negotiable instrument passes with it and

if held by holder in due course, then deed of trust has the same characteristics of

negotiability and freedom from secret equities as does the note); *Williams v. Aries*

*Finance LLC*, 2009 WL 3851675 at 4 n.2 (E.D.N.Y. Nov.18, 2009) (observing that

mortgage note may be a negotiable instrument); *Robbins v. Walker*, 2008 WL 4635374

at *4 (S.D.Miss. Oct. 17, 2008); *First Comm. Of America v. McDonald*, 1995 WL 592432

at *3 (Conn.Super, Sept. 29, 1995); *Midfirst Bank SSB v. C.W. Haynes & Co.,Inc.*, 893

F.Supp. 1304, 1312 (D.S.C. 1994); *Bank One NA v. Demmler*, 2009 WL 2372138 at *2

(Ohio App. Aug. 3, 2009); *First Valley Bank v. First Savings and Loan Ass'n of Central*

*Indiana*, 412 N.E.2d 1237, 1241 (Ind.App. 1980); *North Western Mortgage Investments*

*v. Slumkoski*, 3 Wash. App. 971, 974, 478 P.2d 748, 750 (Wash.App.1970); *Armour*

*Fertilizer Works v. Zills*, 235 Ala. 41, 177 Sol 138, 138 (Ala.1937); *Bibler v. Arcata*

*Investments 2 LLC*, 2005 WL 3304127 at *4 (Mich.App. Dec. 6, 2005); 2 L.Distressed

Real Est. § 24:83 (noting rule in *Carpenter*).

    This authority–both primary and secondary—is consistent with Deutsche's

position, and the Court's reliance on *Mellon Bank, N.A. v Termisky*, 999 F.2d 791 (4th

Cir. 1993), that a note secured by a mortgage is a negotiable instrument.[2]  The holder

of such instrument may be entitled to the protections afforded a holder in due course.

Importantly, those protections extend to any mortgage which is security for the

underlying obligation.  The Court's February 1 Opinion held that Deutsche enjoyed such

a benefit.  Accordingly, the Court finds no error in that ruling.

    For the reasons discussed above, the Court finds that its February 1, 2011 ruling

neither worked an injustice upon the Defendants nor constituted an error of law.

---

    [2]Contrary to what Debtors may insist, the Court never held that the mortgage was a
negotiable instrument.  Thus, Debtors' reliance on *Twitchell v. McMurtrie*, 1875
WL 12973 (Pa.) is misplaced.  Likewise, their citation to *Wilson v. Toussie*, 260 F.Supp.2d 530
(E.D.N.Y.2003) is inapposite.  The holding in that case is consistent with the holding *sub judice*;
i.e., that the fact the mortgage notes may refer to corresponding mortgages does not invalidate
their status as negotiable instruments.  260 F.Supp.2d at 542.

An appropriate Order follows.

By the Court:

_____

Stephen Raslavich
Chief U.S. Bankruptcy Judge

Dated: <u>May 19, 2011</u>